# SAPONE & PETRILLO, LLP

William S. Petrillo, Esq., Partner
Edward V. Sapone, Esq., Partner

Chase S. Ruddy, Esq., Senior Associate
Michael Vitaliano, Esq., Associate

MANHATTAN
40 Fulton Street, 23rd Floor
New York, New York 10038
Telephone: (212) 349-9000
Facsimile: (347) 408-0492
E-mail: ed@saponepetrillo.com

**MEMO ENDORSED**

LONG ISLAND
1103 Stewart Avenue, Suite 200
Garden City, New York 11530
Telephone: (516) 678-2800
Facsimile: (516) 977-1977
E-mail: william@saponepetrillo.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/20

October 16, 2020

Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Martin Torres*
      Docket No.: 18-CR-748 (LAK)

Dear Judge Kaplan:

    I am CJA counsel to Defendant Martin Torres. Mr. Torres is currently scheduled for sentencing on October 21, 2020, although I had submitted, on October 6, 2020, a request to adjourn that sentencing date which has not yet been ruled on by the Court. I write now to respectfully seek to withdraw as Mr. Torres' counsel, and ask that new CJA counsel be appointed to represent Mr. Torres at sentencing.

    By way of background, Mr. Torres was arrested on October 15, 2018. CJA counsel Martin Cohen was appointed to represent Mr. Torres. On March 19, 2019, Mr. Cohen sought to be relieved as counsel based on irreconcilable differences having arisen between he and Mr. Torres. The Court relieved Mr. Cohen and I was appointed to represent Mr. Torres as it was my duty day. Following my appointment, I met extensively with Mr. Torres, discussed with him the discovery in his case, and provided him with my reasoned advice on the efficacies of going to trial as well as accepting the government's proffered plea offer. Ultimately, Mr. Torres elected to accept the government's plea offer, and, on December 20, 2019, entered his plea before the Hon. Kevin N. Fox. Following Mr. Torres's plea, we communicated with him regarding various requests he posed for the reproduction of discovery materials, among other things. We also began the task of preparing for sentencing. Our preparation for sentencing was hindered in some respects by the onset of the COVID-19 pandemic, but we requested, and Your Honor appointed, a forensic psychiatrist to meet with Mr. Torres and prepare a report, we conducted investigations into Mr. Torres' history and characteristics, and we spoke with Mr. Torres' family regarding the provision of character letters and other sentencing materials.

The reason that I am now seeking to withdraw is that, in recent weeks, during my preparation for Mr. Torres' sentencing hearing, irreconcilable differences have arisen between Mr. Torres and myself. At this time, we cannot communicate effectively, and without Mr. Torres' participation in the preparation for his sentencing hearing, including in the completion of his sentencing submission, I am not sure that I can provide him with the effective assistance of counsel as required by the Sixth Amendment.

Rule 1.16 of the New York Rules of Professional Conduct provides for permissive withdrawal when representation of a client has become unreasonably difficult for an attorney to discharge his duty effectively. The existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing a client. *Kariman v. Time Equities, Inc.*, No. 10 Civ. 3773 (AFH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (noting an attorney-client relationship "that is beyond repair") (internal quotation marks omitted); *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("It is well settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry our [such] employment effectively") (internal quotation marks omitted); *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) (a "breach in trust or challenged loyalty may also provide a reason to withdraw").

My understanding is that courts and ethics committees have concluded that, when an attorney seeks to withdraw from representing a client, and information supportive of such a motion might prejudice the client, the attorney should move to withdraw without specifically stating the grounds for withdrawal. *See, e.g.*, N.Y. State Bar Assn Committee of Professional Ethics Opinion 645 at 4 n.4 (1993).

For that reason, I would prefer not to provide the Court with further details of the breakdown in the attorney-client relationship between Mr. Torres and myself. Ultimately, however, despite my best efforts, the breakdown in trust has unfortunately reached a point where I believe that the continuation of our attorney-client relationship would be untenable.

Therefore, I ask that the Court relieve me as counsel to Mr. Torres and appoint new CJA counsel to represent him.

I spoke with Mr. Torres yesterday by videoconference. He consents to my being relieved and to new counsel being appointed to represent him.

Your Honor's consideration is greatly appreciated.

Respectfully submitted,

*/s/ Edward V. Sapone*
Edward V. Sapone

Granted

**SO ORDERED**

_____
**LEWIS A. KAPLAN, USDJ** 11/6/2020